IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS O'SHEA, et al., ] | |
| ] | |
| Plaintiffs, ] | |
| ] | Case Nos.: 2:14-CV-1953-KOB |
| v. ] | 2:14-CV-1954-KOB |
| ] | 2:14-CV-1955-KOB |
| LEADER, BULSO, & NOLAN, PLC, et ] | |
| al., ] | This Document Relates to All Cases |
| ] | |
| Defendants. ] | |
| ] | |

# MEMORANDUM OPINION

This matter is before the court on the Defendants' Petition for Fees and Costs (doc. 77) and the Plaintiffs' Motion to Reconsider and Opposition to Petition for Fees (doc. 79).

On April 4, 2016, the court held a hearing on the Defendant's First Motion to Compel (doc. 43). Following that hearing, the court granted the Defendant's Motion to Compel in part and denied it in part. The court granted the Motion to the extent that it requested documents vital to Leader Bulso's defense, but denied it to the extent that it requested work product from Anderson Weidner. The court ordered the Plaintiffs to submit potentially discoverable documents to the court for *in camera* review so that the court could determine which documents should be produced. The Plaintiffs were late in submitting these documents to the court and failed to provide any explanatory context for the documents; however, once the court received and reviewed the Plaintiffs' *in camera* submission, as well as an index explaining the context of the communications, it ordered the Plaintiffs to produce an enumerated list of documents to the Defendants. The court additionally ordered the Plaintiffs to pay the Defendants' attorneys' fees

1

associated with the Motion to Compel.

The court directed the Defendants to file their petition for fees and costs within seven days of its July 1 Order. The Defendants filed their petition for attorneys' fees on July 8, 2016.

On July 11, 2016, the Plaintiffs responded in opposition to the Defendants' Petition for Attorneys' Fees and asked the court to reconsider its decision to award the Defendants their reasonable attorneys' fees related to their First Motion to Compel.

For the reasons stated in this Memorandum Opinion, the court will DENY the Plaintiffs' Motion to Reconsider and will GRANT IN PART and DENY IN PART Defendants' Petition for Fees.

**I.  Motion to Reconsider**

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-68 (N.D. Ala. 2006) (citations omitted).  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," and motions for reconsideration should not be an automatic response to an adverse ruling.  *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citations omitted).  Neither should they be "a platform to relitigate arguments previously considered and rejected."  *Rueter,* 440 F. Supp. 2d at 1268 n.9.  Rather, reconsideration is "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

The Plaintiffs have not argued that any new evidence or change in controlling law exists.

2

Rather they have argued only that it was error for the court to order the Plaintiffs to pay the Defendants attorneys' fees associated with the Defendants' First Motion to Compel.

  A. <u>Plaintiffs' Disregard for Deadlines</u>

In their Motion to Reconsider, Plaintiffs first attempt to minimize their untimeliness. Plaintiffs suggest that they were late in producing the *in camera* documents because of technical difficulties, and that they did not provide any context for the *in camera* submissions because the court did not specifically order Plaintiffs to do so.

The court acknowledges that it did not specifically order the Plaintiffs to provide context for the *in camera* submission. This omission, however, was not the basis for the court's award of attorneys' fees. The court ordered the Plaintiffs to pay the Defendants' attorneys fees associated with the First Motion to Compel because of the Plaintiffs' *repeated* disregard for the court's deadlines, which caused additional delay and expense for the Defendants and wasted the court's time and resources.

The Plaintiffs' most blatant act of disregard for the court's deadlines was their failure to submit potentially responsive documents to the court for *in camera* review by the court's May 9, 2016 deadline. On May 12, 2016, when the court had neither received the *in camera* submission nor a motion to extend the deadline, the court ordered the Plaintiffs to show cause why it should not dismiss the case or issue other sanctions. Only after the court entered the Order to Show Cause did the Plaintiffs finally submit the *in camera* documents on May 13, 2016.

The late submission of *in camera* documents was not the Plaintiffs' only transgression. Plaintiffs also failed to comply with <u>four</u> other court deadlines related to the Defendants' First

Motion to Compel.[1]

The Plaintiffs have shown no substantial justification for these repeated acts of untimeliness. The court finds that the Plaintiffs' arguments to the contrary lack merit.

B.  Sanctions under Rule 37(b)(2)

Federal Rule of Civil Procedure 37 provides the court with broad discretion to control discovery and issue sanctions. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (quoting *Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir. 1980)) ("[T]he district court has 'broad, although not unbridled, discretion in imposing sanctions' under Rule 37."); *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1446 (11th Cir. 1985) ("[T]he Federal Rules of Civil Procedure provide, in Rule 37(b), that failure by a party or his counsel to make or cooperate in court-ordered discovery may, at the trial court's discretion, lead to the imposition of sanctions of several sorts," including the assessment of fees and expenses.).

This broad authority aside, the Plaintiffs argue that an award of attorneys' fees is inappropriate under Federal Rule of Civil Procedure 37(b)(2)(C) because, pursuant to this rule, the court should only award the expenses "caused by the failure" to obey a discovery order, and

---

[1] (1) Defendants filed their Motion to Compel on February 10, 2016. Pursuant to the court's Scheduling Order, the Plaintiffs were supposed to file their response within three days. Plaintiffs did not respond. (2) At the Scheduling Conference held on February 17, 2016, the court asked the parties to submit responses to the Defendants' Motion to Compel by Monday, February 22, 2016. Plaintiffs did not respond. (3) On February 24, 2016, the court ordered the Plaintiffs to respond to the Motion to Compel by February 29, 2016. Plaintiffs responded on March 1, 2016. (4) On April 6, 2016, the court ordered the Plaintiffs to submit documents for *in camera* review by April 25, 2016. The Plaintiffs filed a Motion to Extend the deadline on April 25, despite the requirement in the court's Scheduling Order that requests for extension must be filed at least two business days prior to the deadline. The court nevertheless granted the Motion and gave the Plaintiffs until May 9, 2016 to submit the documents, but the Plaintiffs still failed to meet this deadline, as set out above.

the Plaintiffs' untimeliness and failure to obey the court's Order did not cause the Defendants any additional expenses.

Rule 37(b)(2)(C) provides that "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added).

This rule sets out what the court *must* order the disobedient party to pay; it does not limit what the court *may* order the disobedient party to pay. Rule 37(b)(2)(C) also states that expenses must be ordered "[i]nstead of or *in addition to* the orders above." (emphasis added).

"The orders above" include the sanctions provided for in Rule 37(b)(2)(A). This rule provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue *further just orders*," including "dismissing the action or proceeding in whole or in part." (emphasis added).

Pursuant to Rule 37(b)(2)(A), the court could have dismissed this action in its entirety as a sanction for Plaintiffs' failure to comply with the court's discovery Order. The court recognized, however, that dismissal of an action is a severe sanction. *See, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("Dismissal with prejudice is the most severe Rule 37 sanction," but it "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."). Therefore, the court determined that the lesser sanction of requiring the Plaintiffs to pay the Defendants' attorneys' fees associated with the Motion to Compel, as a "further just order" within the purview of Rule 37(b)(2)(C), was more appropriate.

The court also has the inherent authority to order the Plaintiffs to pay the Defendants'

5

attorneys' fees as a sanction. *See, e.g., Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("There are ample grounds for recognizing, however, that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel"); *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975) ("[A] court may assess attorneys' fees for the 'willful disobedience of a court order'") (citations omitted); *Carlucci*, 775 F.2d at 1447 (quoting *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 888 n. 10 (5th Cir. 1968)) ("Even absent explicit legislative enactment, deeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'")

The court's decision to order the Plaintiffs to pay the Defendants' attorneys fees as a sanction was appropriate under both Rule 37(b)(2)(A) and the court's inherent authority to impose sanctions.

C.  Rule 37(a)(5)(C)

Finally, the Plaintiffs argue that, because the Defendants' Motion to Compel was granted in part and denied in part, the court should apportion the expenses between the parties, pursuant to Rule 37(a)(5)(C).

Rule 37(a)(5)(C) provides that if the court grants in part and denies in part a motion to compel, it "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (emphasis added).

This rule states that the court *may* apportion the reasonable expenses; it does not provide that it *must* apportion the expenses. In the present case, the court finds it more appropriate not to apportion the reasonable expenses and to order the Plaintiffs to pay the Defendants' expenses, as

a sanction for their misconduct.

After reviewing the relevant law, the court finds that it has not committed clear error. The court's decision to order the Plaintiffs to pay the Defendants' attorneys fees was appropriate under both Federal Rule of Civil Procedure 37 and the court's inherent authority to manage its cases and issue sanctions. Therefore, the court will DENY the Plaintiffs' Motion to Reconsider.

## II.     Petition for Fees

Having determined that it will award the Defendants their reasonable attorneys' fees associated with their First Motion to Compel, the court will next consider the appropriate amount of fees to award.

The Defendants have asked the court to award them attorneys' fees in the amount of $6,540.00. The Defendants have supported their petition for fees with an affidavit from Defendants' attorney James W. Gibson and an itemization of the Defendants' attorneys' fees. The Plaintiffs objected to the Defendants' petition.

In considering the Plaintiffs' objections and in reviewing the Defendants' fee petition on its own, the court finds, in its discretion, that some of the hours submitted by the Defendants are excessive, redundant, or otherwise unreasonable. The court will reduce the Defendants' fees accordingly. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (explaining that if the petitioner submits hours that "are excessive, redundant, or otherwise unnecessary," the court should reduce the number of hours accordingly).

The Plaintiffs first generally object because the Defendants "petitioned for fees that were not directly related to the Motion to Compel, the fees allegedly incurred are excessive and the Petition contains duplicate entries." (Doc. 79, at 3). Without Plaintiffs specifying which entries

they contend are problematic, the court is unable to evaluate the merits of the Plaintiffs' objection. The court will, therefore, overrule this generalized objection.

The Plaintiffs next state that "on April 4, 2016, Mr. Waldrup [sic] has two entries and Mr. Gibson bills for having a phone call about the hearing." (Doc. 79, at 3). The Plaintiffs do not explain why they contend these entries are unreasonable. The two entries on the same day are not duplicates. The court finds nothing inherently wrong with having two entries on the same day, although as it will discuss below, the court finds that Mr. Waldrop and Mr. Gibson spent an unreasonable amount of time drafting and editing the Motion to Compel and preparing for the hearing, and the court will reduce their time accordingly. Accordingly, the court will overrule the Plaintiffs' objection to the two entries on the same day.

The court finds that the Plaintiffs' objection to Mr. Gibson's phone call about the hearing has merit. In this entry from April 4, 2016, Mr. Gibson bills $40.00 for 0.2 hours spent on "Email and phone call re: hearing on the Motion." The court finds this entry to be unreasonably vague. The court does not know who Mr. Gibson called and emailed. Therefore, the court will sustain the Plaintiffs' objection to Mr. Gibson's phone call and will reduce the Defendants' fee award by $40.00.

The court also finds Mr. Gibson's March 23, 2016 entry for "Communications with counsel re: the Motion" to be unreasonably vague. Mr. Gibson does not state whether he is communicating with his co-counsel or with opposing counsel. He also fails to specify the subject of the communications. "Communications re: the Motion" is not specific enough to allow the court to assess the reasonableness of this communication. The court will, therefore, also strike this 0.7 hour entry from the Defendants' petition and reduce the Defendants' fee award by

8

$245.00.

The Plaintiffs also object to the Defendants' fee entries that deal with consulting with opposing counsel, reviewing Orders, and communicating with their client regarding the Orders. The Plaintiffs offer no basis for these objections other than to say that consulting with Plaintiffs' counsel "was their duty." The court finds that these billing entries are reasonable. Consequently, the court will overrule this objection.

Next, the Plaintiffs object to the Defendants' fees because the Motion to Compel was "merely a repeat of the motions that were filed before Judge Blackburn." (Doc. 79, at 4). Because Mr. Waldrop and Mr. Gibson billed for multiple drafts and revisions to the Motion to Compel, the Plaintiffs ask the court to order the Defendants to produce these drafts to the Plaintiffs, so that the Plaintiffs may "ascertain the reasonableness of the bills submitted." The court finds it unnecessary to order the Defendants' attorneys to produce these drafts; however, the court agrees with the Plaintiffs that the hours billed for drafting and editing the Motion to Compel are excessive. In total, Mr. Gibson billed for 4.1 hours of drafting, revising, editing, or working on the Motion to Compel in some form, for a total of $820.00 in fees. Mr. Waldrop billed for 1.9 hours of working on the Motion to Compel, for a total of $665.00 in fees. The court finds that 6 hours is an excessive amount of time to spend drafting the Motion to Compel at issue. The court finds that 4 hours, or 2/3 of the 6 total hours billed, is a more reasonable amount of time to spend drafting the Motion to Compel. Therefore, the court will reduce Mr. Gibson's and Mr. Waldrop's time by 1/3. Reducing each attorney's hours by 1/3 amounts to a 1.4 hour reduction of Mr. Gibson's time, for a total reduction of $280.00, and a 0.6 hour reduction of Mr. Waldrop's time, for a total reduction of $210.00.

The court also finds that the time the Defendants' attorneys spent preparing for the hearing on the Motion to Compel was excessive. In preparation for the hearing, Mr. Gibson spent 0.5 hours on strategy development, for a total of $100.00 in fees, and Mr. Waldrop spent 3.0 hours on preparation for the hearing and 1.9 hours on "Preparation for and participation in hearing on the Motion," for a total of $1715.00 in fees. The April 4, 2016 hearing lasted approximately 1 hour. The court finds that the time spent at the hearing was necessary. However, the additional 3.9 hours Mr. Waldrop spent preparing for the hearing, in conjunction with the 0.5 hours Mr. Gibson spent strategizing for the hearing, were excessive. The court finds that 2 hours spent in preparation, along with 0.5 hours spent on strategy development, is a more reasonable amount of time to spend on preparing for the hearing. The court will, therefore, reduce Mr. Waldrop's time spent preparing for the hearing by 1.9 hours, for a total reduction of $665.00.

The court also finds that some of the entries from the Defendants' fee petition are redundant. In each of the following entries, Defendants request fees for two lawyers for the same work:

- 3/1/2016 Entry by James Gibson: "Review and analyze opposition to the Motion," 0.9 hours, $180.00
- 3/1/2016 Entry by Glenn Waldrop: "Review and evaluate opposition to the Motion," 0.4 hours, $140.00

- 4/6/2016 Entry by Glenn Waldrop: "Review and analyze order on the Motion and communicate with client re: same," 0.4 hours, $140.00
- 4/6/2016 Entry by James Gibson: "Review and analyze order on the Motion," 0.1 hours, $20.00

- 5/27/2016 Entry by Glenn Waldrop: "Review and analyze Show Cause Order re: documents for in camera production," 0.2 hours, $70.00
- 5/27/2016 Entry by James Gibson: "Study Show Cause Order re: disputed privileged documents to produced," 0.2 hours, $40.00

- 6/5/2016 Entry by James Gibson: "Review and analyze opposing counsel's response to show cause order re: production of privilege [sic] documents and communicate with client re: same," 0.3 hours, $60.00
- 6/6/2016 Entry by Glenn Waldrop: "Review and analyze response to show cause order re: documents submitted for in camera review," 0.5 hours, $175.00

The court finds that the hours of the second lawyer on each of these tasks are unnecessary and redundant. Therefore, the court will strike the hours of Mr. Gibson from each of the above billing entries and will reduce Defendants' counsel's requested fees by $300.00.

Accordingly, for the reasons set out herein, the court will GRANT IN PART and DENY IN PART the Defendants' petition for fees. The court will reduce the Defendants' request for fees by a total of $1740.00 and will ORDER the Plaintiffs to pay the Defendants' fees in the amount of $4800.00.

The court will enter a separate Order along with this Opinion.

DONE and ORDERED this 29th day of July, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE