## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SAN FRANCISCO RESIDENCE CLUB, INC.,** *et al.*, | ]<br>]<br>] |
| **Plaintiffs,** | ] |
| | ]  Case Nos.: 2:14-CV-1953-KOB |
| v. | ]<br>] |
| **LEADER, BULSO & NOLAN, PLC,** *et al.*, | ]<br>]<br>] |
| **Defendants.** | ] |

### MEMORANDUM OPINION

This matter comes before the court on Defendants Leader, Bulso & Nolan, PLC's, and Eugene Bulso's motion for default judgment against Plaintiff/Counter-Defendant Grandview Credit, LLC. (Doc. 242.) Because Grandview has failed to comply with the court's order, the court will GRANT Defendants' motion.

On July 14, 2016, the court granted Grandview's attorney Deanna Weidner's motion to withdraw as counsel. (Doc. 80.) Because Grandview is not a natural person, the order stated that Grandview's lack of counsel would, after 30 days, "result in dismissal of Grandview Credit, LLC's claims as a party-plaintiff and entry of default on the counterclaims filed against it." *Id.* at 1. *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (explaining that corporate entities require counsel and cannot proceed *pro se*.) More than three years have elapsed since this order, and Grandview remains without counsel.

On December 20, 2019, the court granted Defendants' motion for summary judgment to dismiss all of Plaintiffs' claims in this case; the court also granted Defendants' motion as to Plaintiffs' liability regarding Defendants' counterclaims, but the court denied Defendants'

motion concerning the amount of damages for their counterclaims. (Doc. 241.) After the December 20, 2019 order, the sole triable issue in this case is the amount of damages for Defendants' counterclaims for unpaid attorneys' fees and expenses.

Defendants brought the instant motion on February 4, 2020, and ask the court, pursuant to Federal Rule of Civil Procedure 55(b)(2), to enter a judgment of default against Grandview to recover the attorneys' fees at issue. (Doc. 242 at 1.) Defendants have offered affidavit testimony, undisputed by Grandview, that Grandview owes Defendants $66,540 in outstanding legal fees and expenses. (Doc. 207-1 at 2.) Defendants seek to recover this sum, plus a six percent annual interest rate, calculated from the filing of Defendants' counterclaim until the entry of judgment, as provided by Ala. Codes § 8-8-1 and § 8-8-8. (Doc. 242 at 2.)

Because Grandview failed to comply with the court's July 14, 2016 order to obtain counsel or face default judgment, the court will GRANT Defendants' motion and ORDER Grandview to pay Defendants $66,540, plus six percent interest for each year between the date Defendants filed their counterclaim and the entry of the order that accompanies this memorandum opinion. Defendants also ask the court to dismiss Grandview's claims for failure to prosecute. (Doc. 242 at 2.) Because the court has already dismissed all Plaintiffs' claims in this case (Doc. 241), this request is MOOT.

The court DIRECTS the clerk to mail a copy of this memorandum opinion and accompanying order to Grandview at the place of business where it was served. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 12th day of February, 2020.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE